UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY B. SPISAK | CIVIL ACTION NO. 15-CV-02305 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APACHE CORPORATION, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the plaintiff's Rule 12(b)(6) motion to dismiss defendant Stella Maris, LLC's claim for attorneys' fees and costs. (Rec. Doc. 149. The motion is opposed. (Rec. Doc. 154). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

### BACKGROUND

This case arises out of an incident that allegedly occurred in May 2015 aboard a fixed platform known as Devil's Tower, which is located on the outer continental shelf off the coast of Louisiana. Williams Field Services, LLC was the owner of the platform, and Eni US Operating Co. Inc. was the operator of the platform at all relevant times. Apache Corporation was the owner of the Bass Light well that was tied into Devil's Tower by pipeline. Apache hired Greene's to flush out the pipeline in preparation for its well to be plugged and abandoned. Greene's sent a crew of men, including the plaintiff, to Devil's Tower to perform the flushing operation. Under its contract with Apache, Stella Maris assigned Brian Ray to work as Apache's

"company man" on that job. The plaintiff claims that he was injured during the rigging down operation when he and another member of the Greene's crew were carrying a ten-foot-long section of chicksan pipe.

### THE CONTENTIONS OF THE PARTIES

The plaintiff sued Stella Maris and others, seeking to recover for his alleged injuries. In its first amended answer to the plaintiff's complaints (Rec. Doc. 148), Stella Maris asserted its Eighteenth Defense, alleging that surveillance video evidence shows the plaintiff's claim to be fraudulent. In articulating that defense, Stella Maris alleged that the plaintiff made false representations or omissions of material fact that were relied upon by doctors and parties to the litigation, resulting in Stella Maris incurring attorneys' fees and expenses to defend against the plaintiff's claims.

The plaintiff interpreted Stella Maris's fraud defense as a claim for attorneys' fees and costs, and in the pending motion, seeks to have that claim dismissed.

Stella Maris opposed the motion, arguing that a Rule 12(b)(6) motion to dismiss is the incorrect procedural device for striking an affirmative defense, that the plaintiff set forth no factual or legal basis for striking the affirmative defense, and that Stella Maris did not assert a claim against the plaintiff for attorneys' fees and costs.

## ANALYSIS

**I. THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS**

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant (or a defendant-in-counter-claim) attacks a pleading because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the claimant.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5] To survive a Rule 12(b)(6) motion, the claimant must plead "enough facts to state a claim to relief that is plausible on its face."[6] Therefore, a claim must contain enough

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

factual detail to raise a reasonable hope or expectation that discovery will reveal relevant evidence of each element of the claim.[7]

## II.   STELLA MARIS DID NOT ASSERT A CLAIM AGAINST THE PLAINTIFF

A Rule 12(b)(6) motion to dismiss is the appropriate vehicle for seeking to have a claim dismissed when the court cannot grant the requested relief, but a Rule 12(b)(6) motion is not the proper vehicle for seeking to strike an affirmative defense. A Rule 12(b)(6) motion requires, as a threshold matter, that the non-moving party asserted a claim against the moving party. That, however, is not the case here. In its Eighteenth Defense, Stella Maris asserted an affirmative fraud defense but did not assert a claim against the plaintiff. Although Stella Maris mentioned that it had incurred attorneys' fees and expenses in defending against the claim asserted by the plaintiff against it, Stella Maris did not articulate a counter-claim against the plaintiff. Accordingly, the plaintiff's Rule 12(b)(6) motion lacks merit and must be denied.

## III.   THE STANDARD FOR ANALYZING A RULE 12(F) MOTION TO STRIKE

The proper procedural vehicle for seeking to strike an affirmative defense is found in Fed. R. Civ. P. 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[7] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

matter." A court may do so in response to a party's motion or on its own motion.[8] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[9] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[10] Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[11]

Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading.[12] Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[13] Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation."[14] Impertinent matter

---

[8] Fed. R. Civ. P. 12(f).

[9] *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[10] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[12] C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[13] C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[14] *Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10–1557, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011).

consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.[15] The plaintiff did not argue that there is any redundant, impertinent, immaterial, or scandalous content in Stella Maris's Eighteenth Defense, and this Court finds that there is none.

A defense may also be stricken under Rule 12(f) if it is insufficient. In other words, "[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."[16] The standard to be applied in determining whether a defense is sufficient arises out of Fed. R. Civ. P. 8(c) and requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[17] The fair notice requirement is satisfied if the defense is sufficiently articulated so that the plaintiff is not unfairly surprised. "The concern is that a defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."[18]

---

[15] C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[16] *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

[17] *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

[18] *Rogers v. McDorman*, 521 F.3d at 385 (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)).

Indeed, sometimes "merely pleading the name of the affirmative defense is sufficient."[19]

In this case, the plaintiff neither argued nor established that Stella Maris's fraud defense is either factually or legally insufficient, and a review of the defense, as articulated in Stella Maris's first amended answer, reveals that the defense as stated there was factually detailed and adequately places the plaintiff on notice of an issue to be presented at trial. This Court finds that the defense is not insufficient. Accordingly, there is no basis, under Rule 12(f), for striking Stella Maris's Eighteenth Defense.

## IV. SANCTIONS

Stella Maris suggests that, although it did not assert a claim against the plaintiff for attorneys' fees or expenses, it might be able to recover such costs in the nature of sanctions. This issue was not raised in the plaintiff's motion, and this Court declines to address the issue at this time.

## CONCLUSION

For the foregoing reasons, this Court finds (a) that defendant Stella Maris, LLC, did not assert a claim for attorneys' fees and costs against the plaintiff, and consequently finds that the plaintiff's motion to dismiss such a claim under Rule

---

[19] *Woodfield v. Bowman*, 193 F.3d at 362.

12(b)(6) lacks merit; and (b) that Stella Maris's Eighteenth Defense is not redundant, impertinent, immaterial, scandalous, or insufficient, and consequently finds that there is no basis for striking it under Rule 12(f). Accordingly,

IT IS ORDERED that the plaintiff's motion to dismiss defendant Stella Maris, LLC's claim for attorneys' fees and costs (Rec. Doc. 149) is DENIED.

Signed at Lafayette, Louisiana on this 12th day of December 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE